SLIP OPINION

Cite as 2016 Ark. App. 483

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-439

| | |
|---|---|
| MIZ ERICA LUNON<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES and MINOR<br>CHILDREN<br>APPELLEES | **Opinion Delivered** October 19, 2016<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>EIGHTH DIVISION<br>[NO. 60JV-13-1382]<br><br>HONORABLE WILEY A. BRANTON,<br>JR., JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

**PHILLIP T. WHITEAKER, Judge**

The Pulaski County Circuit Court terminated the parental rights of appellant Miz Erica Lunon as to her daughters, M.L. and H.A. Lunon's counsel has filed a motion to be relieved and a no-merit brief pursuant to Arkansas Supreme Court Rule 6-9(i) and *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), arguing that there are no meritorious arguments for reversal. Lunon has filed pro se points.

Before addressing counsel's request to be relieved and the contention that this appeal has no merit, we briefly address the history of this case and the law applicable to the termination of parental rights. The Arkansas Department of Human Services (DHS) removed M.L. and H.A. from Lunon's custody in November 2013 based on allegations that Lunon had punched three-year-old H.A. in the face. Lunon had a history with DHS prior to this

incident, having had her parental rights to an older child, M.L.,[1] involuntarily terminated in 2009.[2] Based on the allegations of abuse to H.A., DHS filed a petition for dependency-neglect with the circuit court. The circuit court adjudicated dependency-neglect in February 2014 based on the physical abuse Lunon had inflicted on H.A. and on the risk of physical harm to M.L. Initially, the court set the goal of the case as reunification; eventually, however, the court changed the goal to termination of parental rights.

The termination of parental rights is a two-step process that requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. *T.J. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997); *Smith v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 753, 431 S.W.3d 364. We now turn our attention to the circuit court's analysis of this two-step process.

The first step requires proof of one or more of the statutory grounds for termination. Ark. Code Ann. § 9-27-341(b)(3)(B) (Repl. 2015). Here, DHS's termination petition alleged numerous grounds, including the ground that Lunon had previously had her parental rights involuntarily terminated as to a sibling of the juveniles. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(*4*). The circuit court found by clear and convincing evidence that this ground was proved.

---

[1] M.L. was adjudicated dependent-neglected due to physical abuse from Lunon.

[2] This court affirmed that termination. *Lunon v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 647.

The second step requires consideration of whether the termination of parental rights is in the children's best interest. Ark. Code Ann. § 9-27-341(b)(3)(A). This includes consideration of the likelihood that they will be adopted and the potential harm caused by returning custody of them to the parent. *Smith, supra.* Based on testimony from a DHS caseworker,[3] the court found the children were adoptable. Concerning the potential harm caused by return of custody of the children to Lunon, the court concluded that Lunon perpetrated the physical abuse on H.A. Despite this conclusion, Lunon refused to accept responsibility for the abuse, had ongoing anger-management issues, and failed to comply with the case plan. The court found by clear and convincing evidence that the termination of parental rights was in the best interest of the children. Lunon timely appealed, and counsel has submitted this no-merit brief.

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct. R. 6-9(i)(1) (2015). The petition must include an argument section listing all rulings adverse to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explaining why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). The petition must also include an abstract and addendum containing all rulings adverse to the appellant made at the hearing

---

[3] The caseworker testified that an adoption data-matching list indicated the possibility of 179 adoptive homes and that there were families who were interested in these children.

from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i)(1)(B). *See also Cheney v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 209, at 7, 396 S.W.3d 272, 278–77.

Counsel's brief contains an abstract and addendum of the circuit-court proceedings, discusses the adverse rulings and the evidence supporting the termination of Lunon's parental rights, and explains why there is no meritorious ground for reversal. We have reviewed the brief and the record in this case and agree there is no basis on which to advance a meritorious argument for reversal.

In her pro se points, Lunon asks this court to deny counsel's motion to be relieved "because I am entitled to representation on appeal." She also asks the court to "order the parties to brief the issue of whether counsel representing me in a termination proceeding should be required under *Anders v. California*, 386 U.S. 738 (1967), where there appears to be no meritorious grounds for [an] appeal." She also requests that she "be given a rightous [*sic*] hearing in which all evidence is set forth before the judge" so "he or she can make a decision based on all facts that pertain to this case. Instead of just solely on hearsay." Lunon misapprehends the nature of appellate review and the no-merit process. Lunon had a full hearing before the circuit court, and counsel's brief conforms with our rules regarding no-merit briefs. We therefore find no merit to Lunon's pro se points.

Affirmed; motion to withdraw granted.

GRUBER and HOOFMAN, JJ., agree.

*Dusti Standridge*, for appellant.

No response.